JAMES R. BOYD, JR., v. THE UNIVERSITY ATHLETIC ASSOCIATION, INC.

157 So. 576.
Opinion Filed November 9, 1934.

*Hampton & Jordan,* for Plaintiff in Error;

*Baxter & Clayton,* and *W. B. Watson, Jr.,* for Defendant in Error.

DAVIS, C. J.—This action was brought to recover five hundred dollars and interest, a balance the plaintiff claimed the defendant owed him for salary under a contract for personal services for the year beginning September 1, 1929.

The amended declaration, upon which the cause was tried, contained one count, which is as follows:

"The defendant, by and through its authorized officers, agents and, employees, employed the plaintiff as Assistant Director of Athletics for a period of one (1) year from the first day of September, A. D. 1929, at and for a salary of

Four Thousand Five Hundred ($4,500.00) Dollars per year; that the plaintiff, on the first day of September, 1929, entered upon and performed his duties as Assistant Director of Athletics for the said defendant up to the first day of June, A. D. 1930, when the defendant wrongfully discharged this plaintiff from its employment; that the plaintiff was ready, able and willing to perform his said duties as Assistant Director of Athletics for the remaining three (3) months of the year's employment and did tender his said services to the defendant for said period, yet this defendant refused and failed to accept the said services and wrongfully discharged and prevented the plaintiff from doing and completing the same.

"That this plaintiff made an effort to obtain other employment, but was unable to obtain such other employment. That the defendant paid this plaintiff the sum of Four Thousand ($4,000.00) Dollars of his year's salary, but refused to pay the balance due of Five Hundred ($500.00) Dollars for the period for which he was wrongfully prevented from work as aforesaid; that this plaintiff has made repeated demands upon the said defendant for the payment of said money which this defendant refuses to pay:

*Wherefore,* the plaintiff brings this action and claims damages in the sum of One Thousand ($1,000.00) Dollars, together with the lawful interest thereon."

To this declaration three pleas were filed.*

A motion to strike the third plea, which the defendant, notwithstanding its organization as a private corporation, invoked the immunity of the State, was granted.

By leave of the Court the plaintiff amended his declaration by adding thereto the following count:

---

*The pleas allowed to stand were the formal pleas of (1) never promised as alleged, and (2) payment.

"The defendant, by and through its authorized officers, agents and employees, employed the plaintiff as Assistant Director of Athletics for a period of one year from the first day of September, 1929, at and for a salary of Four Thousand Five Hundred ($4,500.00) Dollars per year; that the defendant promised this plaintiff that out of its funds it would pay to him Fifteen Hundred ($1,500.00) Dollars of his said salary, and the defendant further promised this plaintiff that it would procure the balance of his said salary, to-wit: Three Thousand ($3,000.00) from the funds of the Board of Control of the State of Florida and cause said Three Thousand ($3,000.00) Dollars to be paid to this plaintiff; that this plaintiff relying upon said promise of the defendant to pay him out of its funds the sum of Fifteen Hundred ($1,500.00) Dollars, and the further promise of said defendant to procure from the funds of the Board of Control of the State of Florida the balance of his salary and cause same to be paid to him, on the first day of September, A. D. 1929, entered upon and performed his duties as Assistant Director of Athletics for the said defendant up to the first day of June, 1930, when the defendant wrongfully discharged this plaintiff from his employment; that the plaintiff was ready, eager and willing to perform his duties as Assistant Director of Athletics for the remaining three (3) months of the year's employment, and did tender his said services to the defendant for said period, yet this defendant refused and failed to accept the said services and wrongfully discharged and prevented the plaintiff from doing and completing the same; that the plaintiff made an effort to obtain other employment, but was unable to obtain such other employment.

"That the defendant paid to this plaintiff the sum of Fifteen Hundred ($1,500.00) Dollars out of its funds, and

procured the sum of Two Thousand Five Hundred ($2,-500.00) Dollars from the funds of the Board of Control of the State of Florida and caused same to be paid to this plaintiff, but that this defendant has not procured the balance due of his said salary, to-wit: Five Hundred ($500.00) Dollars for the period for which he was wrongfully prevented from working, as aforesaid, from the Board of Control of the State of Florida, and has not paid or caused to be paid to this plaintiff said amount or any part thereof; that this plaintiff has made repeated demands upon the said defendant for the payment of said money, which this defendant refuses to pay or cause to be paid, in accordance with its said agreement with this plaintiff.

*Wherefore,* the plaintiff brings this action and claims damages in the sum of One Thousand ($1,000.00) Dollars, together with the lawful interest thereon."

To this count the defendant filed a demurrer. This demurrer was sustained.

Without further pleadings, on November 10, 1932, the cause came on for trial.

After the selection and the qualification of the jurors and the opening statement the plaintiff, James R. Boyd, Jr., was called as a witness and, after testifying quite fully as to the circumstances of the transaction, on cross examination testified that the contract was an oral one, made in May, 1929, and was for a year's service to begin the first of the following September. Whereupon, on motion, the court struck all of the plaintiff's testimony for the reason that the testimony fell within the inhibition of the statute of frauds. Then the plaintiff's counsel attempted to elicit testimony from the witness to show the actual service he had rendered the defendant and what he had received for the same and how it had been paid, but such testimony was

excluded. The witness then was permitted to testify that he knew Mr. Frazier Rogers, shown by the evidence to have held the office of Secretary of the University Athletic Association, Inc., and that he, the witness, had received from Mr. Rogers two letters reading as follows:

"UNIVERSITY OF FLORIDA,
"Gainesville, April 23rd, 1930.

"College of Agriculture,
"Department of Agricultural Engineering.
"Mr. James R. Boyd, Jr.,
"Campus.
"Dear Jimmie:

"I took up with the Board of Directors, at its meeting last night, the matter of the amount of salary that would be due you on July 1st, 1930. It was their opinion that you would receive your June salary that is paid from the athletic department for July and August. As I understand it, $3,000.00 of your salary comes from the State and will be paid up on July 1st, 1930, while the remaining $1,500.00 coming from the athletic department is paid in twelve parts, which would make the Association due you $250.00 in addition to your regular June salary.

"With the above arrangement you will receive your budgeted salary of $4,500.00 for the year.

"Sorry to have delayed the reply to your inquiry, but did not have information as to just how your salary was handled until last night.

"Very truly yours,

"FRAZIER ROGERS,
"*Secretary.*"

"University of Florida,
"Gainesville, March 31st, 1930.
"College of Agriculture,
"Department of Agricultural Engineering.
"Mr. James R. Boyd, Jr.,
"Campus.
"Dear Jimmie:

"This is to notify you of the action of the Faculty Committee on Athletics at its meeting on March 29th, 1930. Your services as Assistant Director of Athletics would terminate on June 1st, 1930, the balance of your salary to be paid in due course on July 1st, 1930.

"Very truly yours,

"(Signed) Frazier Rogers,
*"Secretary."*

Both the aforesaid letters were eliminated from consideration as evidence in support of plaintiff's claim when objections thereto were interposed by defendant below and sustained by the trial judge.

As to the amended count, to which demurrer was sustained, it is contended by plaintiff in error that the said amended count shows the defendant's breach of its promise to procure funds from the Board of Control of the State of Florida with which to discharge the alleged obligation to pay plaintiff the balance of the salary claimed by him to be due, and is therefore a good statement of legal cause of action.

Construing that count most strongly against the pleader, as we must, it is apparent therefrom that the premise counted on was not absolute, but was contingently made subject to an implied conditional limitation on its effectiveness, dependent upon the action of the Board of Control for its performance.

There is no showing, or attempted showing, by this count of the amended declaration to the effect that the conditional limitation, implied in the nature of the promise itself as set forth, has ever been fulfilled. Only by the consent and acquiescence of the Board of Control could the defendant in this case have procured from it the balance of salary sued for. Hence, the promise not being absolute, no cause of action was stated in said amended count and the demurrer thereto was properly sustained.

At the conclusion of the plaintiff's evidence, the court below directed a verdict for the defendant, the University Athletic Association, Inc.

Turning now to a consideration of the evidence upon which the court directed its verdict against the plaintiff in error, after striking and ruling out certain parts of it, we have reached the conclusion that the plaintiff's evidence as a whole, consisting not only of that part of it that was received, but that part of it which the court below struck or ruled out over plaintiff's protest, does nothing more than tend to make out a case against the defendant on the theory of liability that was attempted to be set out in the added count of the declaration to which a demurrer was sustained, which ruling we have heretofore in this opinion held to be correct.

Thus it is evident that when we consider the plaintiff's evidence alone, and the theory of liability upon which it was offered, no cause of action was made out upon which a verdict for the plaintiff below could have been allowed to stand, and therefore the trial judge committed no reversible error when he directed the jury to return a verdict in favor of the defendant. This conclusion, based as it is, upon all the evidence which the plaintiff below either adduced and had admitted, or attempted to adduce and had

rejected, renders immaterial any of the alleged errors assigned as having been committed by the trial judge in the admission and rejection of evidence at the trial. This is so, because the plaintiff's whole evidence as tendered is legally insufficient to sustain a recovery under the count of the declaration upon which the case eventually went to trial.

Plaintiff was not suing the University Athletic Association for any failure to pay the $1,500.00 which was to be raised by it from its own resources with which to meet the total salary of $4,500.00 contracted for, as alleged. As to that portion of the agreed compensation we construe the promise of the Association to have been absolute and unconditional, rendering the Association liable therefor at all events.

On the contrary, plaintiff's case is predicated upon the theory that the University Athletic Association became absolutely liable for and promised the whole $4,500.00, collaterally undertaking to procure $3,000.00 of it from the State Board of Control, but promising itself to pay the whole in any event should the State Board of Control fail or refuse to make its part of the total salary available to the promisor to redeem its promise. But as we construe the contract, as plaintiff himself describes it in his testimony and as shown by the facts concerning the whole transaction, the University Athletic Association at no time undertook to become *absolutely* liable for anything more than its own contribution of $1,500.00 toward the total agreed compensation of $4,500.00 for the year in controversy. The Association's share of $1,500.00 was fully paid by the Association and thereby the Association became wholly discharged from all of its legal obligation toward the plaintiff under the terms of the contract, properly con-

strued. We find nothing in the alleged contract to warrant the holding that the University Athletic Association is liable to Mr. Boyd for the two months' portion of the total annual salary that the State Board of Control failed to pay as its part of the total of $4,500.00 mentioned in the alleged contract, which contract as plaintiff must have understood and must have accepted as being included in it, involved a conditional limitation to the effect that $3,000.00 of the $4,-500.00 salary should be payable from that source of payment referred to in the agreement as the State Board of Control, over whose official acts the University Athletic Association could neither exercise, nor be presumed to have attempted to exercise, any binding control.

The judgment is affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, J., concurs in the conclusion.

ELLIS, J. (concurring).—I think the demurrer to the additional count as also the demurrer to the amended additional count were properly sustained for the several reasons set forth in the demurrers.

The first count of the declaration failed to state a cause of action because it affirmatively appears to be based upon an alleged contract orally made and not to be performed within a year (See Section 5779 C. G. L. [Fla.]).